FILED
SUPERIOR COURT
OF GUAM

2020 AUG 13 PM 5: 12

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **LEEVIN TAITANO CAMACHO**, Attorney General of Guam, | CIVIL CASE NO. CV0780-13 |
| Plaintiff, | |
| vs. | |
| **DAFNE M. SHIMIZU**, Director, Guam Department of Revenue and Taxation; **LOURDES A. LEON GUERRERO**, Governor of Guam; **ATLAS AMUSEMENT ENTERPRISES, INC.**; **DARRYL R. STYLES d/b/a D&D GAMES**; **GUAM MUSIC, INC.**; and **DOES 1-10**, | |
| Defendants. | |
| **DARRYL R. STYLES d/b/a D&D GAMES**, | **DECISION AND ORDER** |
| Cross-Plaintiff, | |
| vs. | |
| **GOVERNMENT OF GUAM**, | |
| Cross-Defendant. | |
| **PACIFIC AMUSEMENT, INC.**, | |
| Cross-Plaintiff, | |
| vs. | |
| **DAFNE M. SHIMIZU**, Director, Guam Department of Revenue and Taxation, | |
| Cross-Defendant. | |

# INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on July 29, 2020, upon the Defendant Guam Music, Inc.'s Motion for Stay of Execution of Judgment Pending Appeal filed June 8, 2020 ("Motion for Stay"). Assistant Attorney Generals Marianne Woloschuk represented the Plaintiff Leevin Taitano Camacho, Attorney General of Guam ("Plaintiff" or "Attorney General of Guam"). Attorney Sophia S. Diaz of the Office of the Governor of Guam represented the public Defendants Dafne M. Shimizu, the Director of Guam Department of Revenue and Taxation ("DRT"), and Lourdes A. Leon Guerrero, Governor of Guam. Attorney Seth Forman represents the Defendant Atlas Amusement Enterprises, Inc ("Atlas"). Attorney Curtis C. Van de veld represents the Defendant and Cross-Plaintiff Darryl R. Styles d/b/a D&D Games ("Styles"). Attorney F. Randall Cunliffe represents the Defendant Guam Music, Inc ("Guam Music"). Attorney Daniel J. Berman represents the Intervenor and Cross-Plaintiff Pacific Amusement, Inc. ("Pacific Amusement"). Having reviewed the pleadings and legal authorities, and having heard oral arguments in this matter, the Court issues the following Decision and Order.

# BACKGROUND

This case arises from a prolonged dispute between the Attorney General of Guam, the executive branch, and owners of electronic gaming devices, regarding the legality of the licensing and operation of such gaming devices in Guam. Both the procedural history and facts of this case have been thoroughly outlined in the various pleadings, orders, and appeals in the record. Thus, the following facts are only those pertinent to the instant Motion for Stay of Execution of Judgment Pending Appeal.

On March 13, 2020, the Court issued its Decision and Order granting the Plaintiff's Motion for Summary Judgment thereby declaring DRT's gaming rules and regulations purporting to regulate electronic gaming devices in Guam invalid. Subsequently, the Judgment was issued on March 16, 2020, but was not entered on the docket until June 3, 2020. The Judgment, *inter alia*, declared that "[e]lectronic gaming device licenses issued pursuant to 3

G.A.R. § 7114(a)(5) are void. All such licenses shall be immediately revoked and no new licenses shall be issued." *See* Judgment (Mar. 16, 2020).

On June 8, 2020, Defendant Guam Music filed a Notice of Appeal. Defendant Atlas also filed a notice of appeal on June 12, 2020. On June 8, 2020, Defendant Guam Music filed the instant Motion for Stay. Defendant Atlas joined Defendant Guam Music's Motion for Stay on June 12, 2020. In their Motion, Defendant Guam Music moves the Court, pursuant to Guam Rule of Civil Procedure 62(d) and Guam Rules of Appellate Procedure Rule 12 for a stay of execution of the Judgment entered in this matter pending final resolution of its appeal to the Supreme Court of Guam. The Plaintiff filed an Opposition on July 6, 2020. On July 29, 2020, a hearing on was held on the Motion for Stay. At the conclusion of the hearing, the Court took the matter under advisement.

## DISCUSSION

As a preliminary matter Rule 12 of the Guam Rules of Appellate Procedure provides that "[a] party must ordinarily move first in the Superior Court for . . . a stay of the judgment or order of a Superior Court pending appeal." Guam R. App. P. 12(a)(1)(A). The Court has the "inherent power to control the disposition of the cases on its docket in a manner which will promote the economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1946). With regard to stays, the Supreme Court of the United States has stated that "a stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result . . . ." *Nken v. Holder*, 566 U.S. 418, 427 (2009) (citations and internal quotations omitted). Instead, it is an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. *Id.* at 433 (quoting *Virginia Petroleum Jobbers Assn. v. Federal Power Comm'n*, 259 F.2d 921, 925 (C.A. D.C. 1958). Accordingly, the party requesting a stay bears the burden of demonstrating that circumstances warrant a stay. *Id.* at 433-34; *see also U.S. v. Government of Guam*, No.02-00022, 2017 WL 1347667, at *5 (D. Guam April 7, 2017).

Here, Defendant Guam Music argues that it is entitled to a stay as a matter of right pursuant to Guam Rule of Civil Procedure ("GRCP") 62(d). GRCP 62(d) states, "[w]hen an appeal is taken, the appellant by a supersedeas bond may obtain an automatic stay subject to the exceptions contained in subdivision (a) of this rule . . . ." Guam R. Civ. P. 62(d). Under GRCP 62(d), a party appealing a decision of the trial court is entitled to an automatic stay of a money judgment. *J.J. Moving Servs., Inc. v. Sanko Bussan (Guam) Co.*, 1998 Guam 19 ¶ 38 (1998). Thus, GRCP 62(d) applies only to a stay of a money judgment. *Id.*; *see also Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003) ("Rule 62(d) entitles a party who files a satisfactory supersedeas bond to a stay of *money judgment* as a matter of right.") (emphasis added)[1]. In contrast, absent a money judgment, "[a] stay of execution is an equitable remedy that is not available as a matter of right." *Wood v. Collier*, 836 F.3d 534, 538 (5th Cir. 2016) (citing *Hill v. McDonough*, 547 U.S. 573, 584 (2006)); *see Nken*, 556 U.S. at 433 ("A stay is not a matter of right . . . It is instead 'an exercise of judicial discretion' . . . [that] 'is dependent upon the circumstances of the particular case.'"). Defendant Guam Music concedes that there is no monetary judgment and thus, there is no need for a supersedeas bond. Therefore, because the Judgment in this matter is not a money judgment, GRCP 62(d) does not apply and Defendant Guam Music is not entitled to an automatic stay as a matter of right. Nonetheless, absent a bond, the Court may exercise its discretion and issue a stay using the four-factor test below.

In determining whether to stay enforcement of a judgment pending appeal, courts consider the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Nken*, 556 U.S. at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). However, the first and second factors

---

[1] GRCP Rule 62(d) was adopted from the Federal Rule of Civil Procedure ("FRCP") 62(d). Thus, federal case law interpreting FRCP 62(d) is persuasive. *See Gov't of Guam v. O'Keefe on behalf of Heirs of Torres Estate*, 2018 Guam 4 ¶ 9 (2018) ("As a threshold matter, we note that because the [GRCP] are generally derived from, although not identical to, the [FRCP], federal decisions that construe the federal counterparts to the [GRCP] are persuasive authority.") (citing *People v. Quitugua*, 2009 Guam 10 ¶ 10).

– likelihood of success and irreparable injury – are the most critical. *Id.*; *see also Sananap v. Cyfred*, 2009 Guam 13 ¶ 42 (recognizing that likelihood of success and irreparable injury are considered together on a sliding scale). As aforementioned, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion." *Nken*, 556 U.S. at 433-34.

## I. Likelihood of Success on the Merits

Regarding the first factor, likelihood of success on the merits, the *Nken* court held that it is not enough that the likelihood of success on the merits is "better than negligible" or that there is a "mere possibility of relief." *Id.* at 434. At a minimum, a movant must show that there is a "substantial case for relief on the merits." *Lair v. Bullock*, 697 F.3d 1200, 1204 (9th Cir. 2012) (citing *Leiva-Perez v. Holder*, 640 F.3d 962, 966-68 (9th Cir. 2011) ("a reasonable probability or fair prospect, . . . a substantial case on the merits, . . . or . . . that serious legal questions are raised."). The standard however, does not require the appellant to show that "it is more likely than not that they will win on the merits." *Id.*

Here, Defendant Guam Music argues that because the Court did not directly address its Title 1 GCA § 1610 argument, they have a good chance of success on appeal. The Plaintiff, on the other hand, contends that Defendant Guam Music failed to show that there are significant legal questions to be resolved on appeal or that it is likely to prevail on those questions. In its Opposition to the Plaintiff's Motion for Summary Judgment filed January 24, 2017, Defendant Guam Music argued that Title 1 GCA § 1610, in effect, codified and published all regulations, including DRT's proposed gaming regulations, received by the Legislative Secretary prior to the Twenty-Seventh Guam Legislature. Thus, Defendant Guam Music argued the gaming regulations were valid.

The Court did not neglect to consider Defendant Guam Music's Title 1 GCA § 1610 argument. In its March 13, 2020, Decision and Order, the Court found *inter alia* that DRT's proposed gaming regulations were submitted to the Guam Legislature without complying with Guam law, and that DRT exceeded its authority to enact such rules and regulations purporting to regulate electronic gaming devices in Guam. Consequently, the Court declared DRT's

gaming rules and regulations invalid and thus, void *ab initio*. The Court agrees with the Plaintiff that Title 1 GCA § 1610 cannot cure an unconstitutional delegation of legislative authority. Thus, the Court finds that the Defendants have not met their burden of showing a strong likelihood of success on the merits.

## II. Irreparable Injury

To establish irreparable injury, the moving party must show more than a mere possibility of irreparable injury – the appellant must show that there is a *probability* of irreparable injury if the stay is denied. *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011). In other words, the moving party must show that irreparable injury is likely to occur absent a stay pending appeal. *Id.* Here, Defendant Guam Music and Defendant Atlas argue that they will suffer financial harm if the Court does not stay the Judgment. Specifically, the Defendants argue *inter alia* that hundreds of their employees would lose their jobs, business contracts would fail, and the Government of Guam would be deprived of much needed revenue if the Judgment is not stayed pending the Defendants' appeal in the Supreme Court of Guam. Further, Defendant Guam Music states that it has received COVID-19 federal assistance loans in order to continue to pay their employees during the pandemic shutdown. Consequently, Defendant Guam Music argues that if the Court does not stay the Judgment, the federal government will not forgive their COVID-19 loans.

The Defendants assertions are speculative. First, as the Plaintiff argues, it is unclear whether Defendant Guam Music applied for COVID-19 financial assistance after the Court's March 13, 2020, Decision and Order. If so, then Defendant Guam Music was aware that the Court declared the gaming rules and regulations invalid and thus, understood the risks when it applied for the federal relief programs. Second, the Defendants did not provide the Court with substantial proof to support their allegations of current or future financial harm. Speculative injury does not constitute a showing of irreparable harm. *HongKong and Shanghai Banking Corp., Ltd. V. Kallingal*, 2005 Guam 13 ¶ 22 (citing Pub. Serv. Co. v. Town of W. Newbury, 835 F.2d 380, 383 (1st Cir. 1987). Thus, due to the speculative nature of the Defendants' assertions, the Defendants fail to show irreparable injury absent a stay of the instant Judgment.

Nonetheless, assuming *arguendo* that the Defendants will suffer financial hardship if a stay is denied, the law is clear that this does not rise to the level of irreparable harm. *Marangi v. Government of Guam*, 319 F.Supp.2d 1179, 1186 (citing *Enochs v. Williams Packing & Nav. Co.*, 370 U.S. 1, 6 (1962) (noting injunctive relief is not available simply because the collection of taxes would cause an irreparable injury such as financial ruination). Accordingly, the Court finds that the Defendants have not met their burden of showing irreparable injury absent a stay pending appeal in the Supreme Court of Guam.

## III.    Substantial Injury to the Plaintiff and the Public Interest

Finally, the last two factors of the *Nken* test require the Court to weigh the public interest against the harm to the Plaintiff. *See Lair v. Bullock*, 697 F.3d 1200, 1215 (9th Cir. 2012) (citing *Nken*, 556 U.S. at 435). Here, though arguably an economic interest, gambling has long been considered potentially unfavorable to the public's interest. However, it is not the Court's function at this time to weigh the policy arguments on either side of this highly contested years-long debate over whether and to what extent gambling should be legalized. Thus, the Court cannot make the determination, in weighing the last two factors, that any harm alleged would necessarily be outweighed by the public's interest.

In sum, the Court finds that the Defendants have failed to demonstrate that irreparable injury is probable absent a stay, that there is a likelihood of success on the merits, and that the balance of hardships weighs in their favor. Accordingly, because the Defendants have not met their burden as to each factor warranting a stay, the Defendants request for a stay of the Judgment pending appeal is **DENIED**.

## CONCLUSION

For the reasons set forth above, the Court finds that the Defendants have failed to demonstrate that irreparable injury is probable absent a stay, that there is a likelihood of success on the merits, and that the balance of hardships weighs in their favor. Accordingly, because the Defendants have not met their burden as to each factor, the Defendants request for a stay of the Judgment pending appeal is **DENIED**.

//

/ /

/ /

**IT IS SO ORDERED** _____AUG 1 3 2020_____ .


**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**